**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GLENDA THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1804-JWD-RLB** |
| **FLOWSERVE US INC.** | |
| | *Consolidated for Discovery Purposes Only* with **CV 17-482-JWD-RLB** |
| | *Applies to CV 17-1804-JWD-RLB* |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 22, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENDA THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-1804-JWD-RLB** |
| **FLOWSERVE US INC.** | *Consolidated for Discovery Purposes Only* with CV 17-482-JWD-RLB |
| | *Applies to CV 17-1804-JWD-RLB:* |

## ORDER

Before the Court is Plaintiff's Renewed Motion for Leave to File Amended Petition for Damages. (R. Doc. 24). The motion is opposed (R. Doc. 27).

**I.    Background**

Glenda Thomas ("Plaintiff") initiated this products liability action in state court on or about November 13, 2017, naming Flowserve US Inc. ("Flowserve" or "Defendant") as the sole defendant in this action. (R. Doc. 1-1). Plaintiff seeks relief with respect to an explosion at an Exxon Mobil chemical plant on or about November 22, 2016. (R. Doc. 1-1 at 1). Plaintiff alleges that the explosion was caused when a valve that was manufactured and installed by Flowserve malfunctioned. (R. Doc. 1-1 at 2). Plaintiff further alleges that she was an employee of Exxon Mobil at the time of the explosion. (R. Doc. 1-1 at 2).

Flowserve removed the action on December 28, 2017, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). On October 9, 2018, this action was consolidated with *Leroy Sexton v. Exxon Mobil Corporation*, Civil Action No. 17-482-JWD-RLB. The same counsel represents the plaintiffs in both actions.

The Court set the deadline to amend the pleadings on December 7, 2018. (R. Doc. 15).

1

On November 13, 2018, Plaintiff filed an Unopposed Motion for Leave to File Amended Complaint. (R. Doc. 19). Plaintiff sought leave to name as defendants Exxon Mobil Corporation and ExxonMobil Global Services Company (the "Exxon Mobil Defendants"), Jacobs Engineering Group, Inc. ("Jacobs"), Johnathan Zachary, and Setpoint Integrated Solutions, Inc. ("Setpoint"). The Court denied the motion without prejudice to refile because Plaintiff did not identify the citizenship of the Exxon Mobil Defendants or Mr. Zachary. (R. Doc. 22).

Plaintiff then filed the instant motion on November 28, 2018. (R. Doc. 24). Plaintiff again seeks leave to name as defendants the Exxon Mobil Defendants, Jacobs, Mr. Zachary, and Setpoint. Plaintiff alleges that Mr. Zachary and Setpoint are both citizens of Louisiana, and, accordingly, their addition as defendants would destroy diversity and require remand of the action. While Flowserve did not oppose Plaintiff's original motion to amend, it now opposes amendment to the extent Plaintiff seeks to add Mr. Zachary and Setpoint as additional defendants. (R. Doc. 27).

## II.    Law and Analysis

### A.    Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15, after the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request

2

for leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). In determining whether to grant leave, a court may consider several factors, including among other things, the movant's "bad faith or dilatory motive" and the "futility" of the amendment. *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

Since joinder of a non-diverse defendant after removal would destroy diversity jurisdiction and require remand, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). When an amendment seeks to add a nondiverse party that would destroy jurisdiction altogether in a removed action, the court must balance the factors as set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The court should "scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate: "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Id*. at 1182. If the court permits the addition of a nondiverse defendant, it must remand the action to the state court. *Id*.

3

B.  Analysis

Having considered the record and the arguments of the parties, the Court concludes that amendment is appropriate for the purposes of adding the non-diverse defendants.

The first *Hensgens* factor is resolved in favor of Plaintiff.  Plaintiff explains that Mr. Zachary is an employee or agent of the Exxon Mobil Defendants and that, at the time the action was originally filed, Plaintiff thought that any claim against Mr. Zachary and the Exxon Mobil Defendants would be barred by the exclusive remedy provision of the Louisiana Workers Compensation Act ("LWCA"). (R. Doc. 24 at 5).  Plaintiff asserts that she is now seeking to add Mr. Zachary and the Exxon Defendants to this action because "information received from the Exxon [Mobil] Defendants through discovery and depositions indicates that the Exxon Mobil Defendants knew that the acts of Defendant Zachary was substantially certain to result in a flammable gas release, explosion and fire" and that "[i]t was inevitable that anyone in the release area would be severely burned." (R. Doc. 24 at 5).  In other words, Plaintiff asserts that based on the discovery obtained, she and her counsel have determined that she has a viable claim against these non-diverse defendants notwithstanding LWCA exclusivity.

Flowserve opposes the addition of Mr. Zachary on the basis that Plaintiff should have alleged a cause of action against Mr. Zachary in the initial Petition and prior to removal. Flowserve suggests that the sole purpose of Plaintiff's addition of Mr. Zachary as a defendant is to defeat diversity jurisdiction because the plaintiff in the *Sexton* action named Mr. Zachary as a defendant in his original petition, and, accordingly, Plaintiff's counsel in this action had "actual knowledge" of the identify of Mr. Zachary prior to the filing of the lawsuit. (R. Doc. 27 at 5-8). This argument misses the point.  Plaintiff is not asserting that she did not have knowledge of Mr. Zachary's identity prior to the filing of the action.  Plaintiff is instead asserting that certain

4

discovery obtained in this action after removal supports the intentional tort allegations against Mr. Zachary and the Exxon Mobil Defendants. Flowserve raises no specific arguments in support of a finding that Plaintiff is not seeking to allege viable claims against Mr. Zachary, or that her proposed claims are otherwise futile.[1] Given the record, the Court finds no basis to question the potential viability of Plaintiff's claim against Mr. Zachary and Exxon Mobil, which can be challenged by those defendants after amendment.

Plaintiff also seeks to add Setpoint as a defendant in light of its assertion that she has discovered "that Setpoint played a role in the manufacture, design, distribution, and/or sale of the defective valve" at issue. (R. Doc. 24). Flowserve seems to argue that because Plaintiff originally filed this action in state court, the sole purpose that she is seeking to add Setpoint as a defendant is to obtain a remand. (R. Doc. 27 at 11-12). This argument ignores Plaintiff's actual allegations against Setpoint and makes no attempt to demonstrate that Plaintiff is not seeking to assert viable claims against Setpoint. Tellingly, Flowserve did not oppose the addition of Setpoint as a defendant in the *Sexton* action, where the addition of Setpoint would not destroy complete diversity. *See* No. 17-482, ECF 98, 100.

The second *Hensgens* factor is also resolved in favor of Plaintiff. Flowserve correctly points out that Plaintiff did not seek leave to amend until one year after the filing of the initial Petition. Nevertheless, Plaintiff sought leave to amend prior to the Court's deadline to amend in this action. Furthermore, Plaintiff asserts that she did not identify the bases for raising the instant allegations against Mr. Zachary and Setpoint until after conducting certain discovery. Given the circumstances as a whole, the Court finds that Plaintiff was diligent in seeking amendment after

---

[1] Indeed, Flowserve does not oppose the additional of the Exxon Mobil Defendants even though those defendants will also potentially raise the defense of LWCA exclusivity. That Flowserve challenges the addition of Mr. Zachary but not the addition of the Exxon Mobil Defendants suggests that Flowserve's sole basis for challenging amendment is to preclude remand.

she became aware of relevant facts in discovery. *See CCI Ventures, Inc. v. Berkley Nat'l Ins. Co.*, No. 17-0019, 2018 WL 3371540, at *8 (N.D. Tex. Apr. 12, 2018), *report and recommendation adopted*, 2018 WL 3370618 (N.D. Tex. July 10, 2018). While Plaintiff is not altogether clear as to when information was obtained in support of the allegations against Mr. Zachary, Plaintiff specifically states that she "first learned of Setpoint's involvement" at a deposition on October 4, 2018. (R. Doc. 24 at 9). The filing of the instant motion within several weeks after discovery of Setpoint as a potential defendant was not dilatory, particularly given that the deadline to amend has not expired. *See Salvation Army v. Union Pac. R.R., Inc.*, No. 6:16-0347, 2017 WL 3528903, at *10 (W.D. La. Mar. 8, 2017), *report and recommendation adopted*, 2017 WL 3528817 (W.D. La. Aug. 15, 2017). Accordingly, even if Plaintiff was not altogether diligent in adding Mr. Zachary as a defendant (which is unclear in the record), she was nevertheless diligent in adding Setpoint as a defendant.[2]

The third and fourth *Hensgens* factors also weigh in favor of Plaintiff. Among other things, denying amendment would require Plaintiff to seek relief against Mr. Zachary and Setpoint in a separate action, resulting in the danger of inconsistent results and the waste of judicial resources in light of parallel proceedings. Given the other factors that weigh in favor of amendment, the Court is unconvinced by Flowserve's arguments that the action should remain in federal court simply because the separate *Sexton* action is pending in federal court.

**III.    Conclusion**

Based on the foregoing, the *Hensgens* factors, when considered in their totality, weigh in favor of allowing the proposed amendment.

**IT IS RECOMMENDED** that Plaintiff's Renewed Motion for Leave to File Amended

---

[2] Flowserve asserts that Plaintiff was actually put on notice of Setpoint's involvement on September 24, 2018. (R. Doc. 27 at 14). Even if true, the Court nevertheless finds the instant motion to be timely with respect to Setpoint.

Petition for Damages (R. Doc. 24) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court instruct the Clerk's Office to enter Plaintiffs' Amended Complaint (R. Doc. 24-2) into the record.

**IT IS FURTHER RECOMMENDED** that subsequent to the entry of the Amended Complaint into the record, which will destroy diversity jurisdiction in this action, the Court **REMAND** this action to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 22, 2019.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**